Case 1:25-cr-03855-KWR   Document 2   Filed 09/23/25   Page 1 of 11

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 2 3 2025

MITCHELL R. ELFERS
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CRIMINAL NO. 25-3855 KWR |
| vs. | ) Count 1: 18 U.S.C. § 1349: Conspiracy to Commit Fraud; |
| **MARK A. LONG, a.k.a Marc Long,** | ) Counts 2 - 10: 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 2: Aiding and Abetting; |
| Defendant. | ) Counts 11 - 18: 18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 2: Aiding and Abetting; |
| | ) Counts 19 - 29: 18 U.S.C. § 641: Theft of Government Property; 18 U.S.C. § 2: Aiding and Abetting. |

INDICTMENT

The Grand Jury charges:

General Allegations

At all times relevant to this Indictment:

*A. Relevant Individuals and Agencies*

1. The defendant, **MARK A. LONG**, was an individual residing in Texas.

2. The New Mexico Department of Work Force Solutions (NMDWS) was an agency of the State of New Mexico responsible for labor and employment-related issues for businesses and individuals in New Mexico.

3. The Ohio Department of Rehabilitation and Corrections (ODRC) was the state agency responsible for overseeing the adult prison system for the State of Ohio.

4.     The Federal Emergency Management Agency (FEMA) was an agency of the United States responsible for coordinating the federal response to disasters that receive a Presidential disaster declaration.

B. *Unemployment Insurance*

5.     Federal law establishes a system of unemployment insurance (UI) which provides unemployment benefits to workers who are unemployed through no fault of their own. Each state administers its UI program separately. In New Mexico, the NMDWS is the state agency that administers the UI program.

6.     Claims for UI benefits in New Mexico may be made online by submitting information including the claimant's name, Social Security Number, birthdate, address, and contact information. If the claim is approved, the claimant must then make weekly requests or certifications for benefits to continue to be paid. These weekly requests or certifications can be made online or over the telephone. The online system used by the NMDWS in association with UI benefits is maintained on a server located in New Mexico.

7.     Once a claim is filed, the NMDWS typically mails correspondence to the physical address included in the application for benefits, although claimants may request to receive correspondence through email. All mailed correspondence sent from the NMDWS is sent through the United States Postal Service.

8.     If a UI claim is approved by the NMDWS, benefits can be paid by direct deposit to a bank account, or by paper checks. Benefits can also be paid through a debit card issued by Conduent. The payments are made through various interstate transfers between the NMDWS, Conduent, Wells Fargo Bank, and the State Unemployment Trust Fund. The State Unemployment Trust Fund is located in New York, New York.

*C. The COVID-19 National Emergency*

9. On March 13, 2020, the President of the United States declared COVID-19 an emergency under the Robert T. Stafford Disaster Relief and Emergency Assistance Act. As a result, Congress passed the Families First Coronavirus Response Act (FFCRA) and the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), which the President signed into law on March 18, 2020, and March 27, 2020, respectively. The FFCRA and the CARES Act were designed to provide emergency financial assistance to the millions of Americans who suffered the economic effects caused by the COVID-19 pandemic, including by expanding the states' ability to provide UI for many workers impacted by the COVID-19 pandemic.

10. The CARES Act included the creation of a temporary, federally-funded Pandemic Unemployment Assistance (PUA) program, which expanded UI coverage to individuals who traditionally would not qualify for UI, such as those who were self-employed, independent contractors, or had limited work history.

11. The CARES Act also provided for additional temporary payments of Federal Pandemic Unemployment Compensation (FPUC) of $600 or $300 per week for UI claimants.

12. To further offset the pandemic impact on American workers, on August 8, 2020, the President authorized FEMA to expend federal money from the Disaster Relief Funds for Covid Lost Wages Assistance (LWA) payments. The President authorized the FEMA Administrator to provide grants to participating states, territories, and the District of Columbia, including New Mexico, to administer delivery of LWA to those receiving unemployment insurance.

13.     In or about December 2020, the NMDWS issued a one-time supplemental UI stimulus payment of $1,200 to PUA claimants who certified and were eligible to receive UI benefits during recent prior certification periods.

## Count 1

14.     Paragraphs 1 through 13 of the indictment are incorporated in this part of the indictment as if fully re-alleged herein.

15.     Beginning on an unknown date, but no later than in or about July 2020 and continuing to at least in or about February 2021, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **MARK A. LONG**, and others known and unknown to the Grand Jury, knowingly, voluntarily, and interdependently conspired, confederated, and agreed to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false pretenses and representations, and, for purposes of executing the scheme, to transmit and cause to be transmitted certain wire communications in interstate and foreign commerce, and to cause matters and things to be sent and delivered by mail, and the scheme was related to a presidentially declared major disaster or emergency, namely the COVID-19 pandemic, and affected a financial institution, in violation of 18 U.S.C. §§ 1341 and 1343.

## Overview of the Conspiracy

16.     Beginning on an unknown date, but no later than in or about July 2020 and continuing to at least in or about February 2021, the defendant, **MARK A. LONG**, and others knowingly devised a scheme to defraud the State of New Mexico, the United States of America, and others by means of materially false and fraudulent pretenses and representations in order to fraudulently collect UI benefits awarded through the CARES Act and by FEMA. Specifically, the defendant, **MARK A. LONG**, and others used the Personally Identifiable Information (PII)

4

of other individuals to obtain federally-funded, pandemic-related UI benefits through the State of New Mexico, as well as other states, in a total approximate amount of $420,000, of which approximately $160,000 was issued by the NMDWS.

<u>Manner and Means</u>

17. To further the goals and objects of the conspiracy, the defendant, **MARK A. LONG**, and his co-conspirators, used and caused others to use the following manners and means:

   a. Communicating about methods to obtain UI benefits in the name of other individuals;

   b. Obtaining PII related to other individuals;

   c. Using PII to create fake documents, including bills, bank statements, social security cards, and medical records, in the name of other individuals;

   d. Using PII to submit at least 31 fraudulent online applications to the NMDWS, and many more to other state agencies, in the name of other individuals, including individuals incarcerated in the ODRC, who were ineligible for UI benefits;

   e. Submitting weekly certifications to the NMDWS online using mobile phone, broadband, and cable internet connections;

   f. Opening multiple bank accounts for the deposit of UI benefits;

   g. Causing the NMDWS to initiate wire transfers, processed through computer servers located in New Mexico, New York, and elsewhere, of UI benefits issued in the name of other individuals, which were deposited into bank

accounts belonging or accessible to **MARK A. LONG** and his co-conspirators;

h. Causing the NMDWS to mail or cause other entities to mail to addresses in Texas that were accessible to **MARK A. LONG** and his co-conspirators matter associated with UI benefits, including correspondence and debit cards used by the NMDWS to issue UI benefits;

i. Causing UI funds to be uploaded electronically to previously-mailed debit cards issued to receive UI benefits;

j. Withdrawing at ATMs, stores, and elsewhere, UI funds deposited on debit cards issued by the NMDWS.

In violation of 18 U.S.C. § 1349.

## Counts 2 - 10

18. Paragraphs 1 - 13 of the indictment are incorporated in this part of the indictment as if fully re-alleged herein.

19. On or about the dates listed below, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **MARK A. LONG,** with intent to defraud, knowingly and unlawfully devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations and promises, and the scheme was related to a presidentially declared major disaster or emergency, namely the COVID-19 pandemic, and affected a financial institution, and for the purpose of executing and attempting to execute the scheme and artifice, caused writings, signs, and signals to be transmitted by means of wire communications in interstate commerce as described below:

| Count | On or About Date | Description of Wire | Claimant Initials |
|---|---|---|---|
| 2 | September 28, 2020 | Wire transfer of UI benefits from the NMDWS to Stride Account ending in 4047 | D.C. |
| 3 | October 6, 2020 | Wire transfer of UI benefits from the NMDWS to JP Morgan Chase Account ending in 6901 | D.C. |
| 4 | October 6, 2020 | Wire transfer of UI benefits from the NMDWS to JP Morgan Chase Account ending in 8218 | D.G. |
| 5 | October 26, 2020 | Application for UI benefits electronically submitted via a server located outside of New Mexico to the NMDWS in New Mexico | A.G. |
| 6 | November 4, 2020 | Application for UI benefits electronically submitted via a server located outside of New Mexico to the NMDWS in New Mexico | A.J. |
| 7 | February 9, 2021 | Application for UI benefits electronically submitted via a server located outside of New Mexico to the NMDWS in New Mexico | S.W. |
| 8 | February 14, 2021 | Application for UI benefits electronically submitted via a server located outside of New Mexico to the NMDWS in New Mexico | D.R. |
| 9 | February 14, 2021 | Application for UI benefits electronically submitted via a server located outside of New Mexico to the NMDWS in New Mexico | D.A. |
| 10 | February 14, 2021 | Application for UI benefits electronically submitted via a server located outside of New Mexico to the NMDWS in New Mexico | A.S. |

All in violation of 18 U.S.C. §§ 1343 and 2.

## Counts 11 - 18

20.    Paragraphs 1 - 13 of the indictment are incorporated in this part of the indictment as if fully re-alleged herein.

21.    On or about the dates listed below, in Bernalillo County, in the District of New Mexico, and elsewhere, the defendant, **MARK A. LONG**, with intent to defraud, knowingly and unlawfully devised and intended to devise a scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations and promises, and the

7

scheme was related to a presidentially declared major disaster or emergency, namely the COVID-19 pandemic, and affected a financial institution, and for the purpose of executing and attempting to execute the scheme and artifice, the defendant knowingly caused matters and things, including debit cards and correspondence, to be sent and delivered by the United States Postal Service and by any private and commercial interstate carrier, as follows:

| Count | On or About Date | Description of Mailing |
|---|---|---|
| 11 | October 10, 2020 | Debit card for receipt of UI benefits mailed from Conduent to D.C. at 9203 Highway 6 S in Texas |
| 12 | October 27, 2020 | Debit card for receipt of UI benefits mailed from Conduent to A.G. at 935 Eldridge Rd. in Texas |
| 13 | November 5, 2020 | Debit card for receipt of UI benefits mailed from Conduent to A.J. at 17117 Westheimer Rd. in Texas |
| 14 | November 21, 2020 | Debit card for receipt of UI benefits mailed from Conduent to D.G. at 9203 Highway 6 S in Texas |
| 15 | December 2, 2020 | Debit card for receipt of UI benefits mailed from Conduent to J.Ko. at 17117 Westheimer Rd. in Texas |
| 16 | February 10, 2021 | Debit card for receipt of UI benefits mailed from Conduent to J.Ku. at 10315 Paintbrush Ln. in Texas |
| 17 | February 11, 2021 | Debit card for receipt of UI benefits mailed from Conduent to C.M. at 935 Eldridge Rd. in Texas |
| 18 | February 16, 2021 | PUA monetary determination letter mailed from the NMDWS to J.S. at 10315 Paintbrush Ln. in Texas |

All in violation of 18 U.S.C. §§ 1341 and 2.

## Counts 19 - 29

22.     Paragraphs 1 through 13 of the indictment are incorporated in this part of the indictment as if fully re-alleged herein.

23. On or about and between the dates listed below, in Bernalillo County, in the District of New Mexico and elsewhere, the defendant, **MARK A. LONG**, knowingly, unlawfully, and willfully embezzled, stole, purloined, and converted to his own use and the use of another, money and things of value of the United States and of any department and agency of the United States, specifically federally-funded UI benefits, with an aggregate value in excess of $1,000.

| Count | On or About Dates of UI Payments | Claimant Initials | Total Value |
|---|---|---|---|
| 19 | September 27, 2020 – August 8, 2021 | J.M. | $18,574 |
| 20 | September 27, 2020 – July 11, 2021 | J.J. | $16,698 |
| 21 | September 27, 2020 – October 25, 2020 | D.C. | $2,121 |
| 22 | September 27, 2020 – August 19, 2021 | L.P. | $19,043 |
| 23 | September 27, 2020 – September 5, 2021 | T.B. | $20,450 |
| 24 | September 29, 2020 – August 19, 2021 | D.G. | $19,043 |
| 25 | November 3, 2020 – September 5, 2021 | A.G. | $19,605 |
| 26 | November 4, 2020 – November 15, 2020 | G.J. | $507 |
| 27 | November 13, 2020 – August 19, 2021 | A.J. | $18,029 |
| 28 | November 19, 2020 – September 5, 2021 | J.Ko. | $19,267 |
| 29 | February 18, 2021 – February 28, 2021 | C.M. | $1,407 |

In violation of 18 U.S.C. §§ 641 and 2.

## FORFEITURE ALLEGATIONS

Counts 1 through 29 of this indictment are realleged and incorporated as part of this section for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Upon conviction of any offense in violation of 18 U.S.C. §§ 1341, 1343, 1349, or 641, the defendant, **MARK A. LONG**, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following:

MONEY JUDGMENT

A sum of money representing property constituting or derived from proceeds traceable to the offense(s) set forth in the Count(s) of conviction.

SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
FOREPERSON OF THE GRAND JURY

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Assistant United States Attorney